IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LAWRENCE NORTHERN,

                  Plaintiff,
  v.

ANTHONY HENTZ, GEORGIA KOSTHORYZ,
DEBRA TIDQUIST, NURSE KIMPEL, CATHY JESS,
KRISTINE PRALLE, PAULINE HULSTEIN,
N. DOBSON, P. MILLER, and TAMMY MAASSEN,

                  Defendants.

OPINION and ORDER

19-cv-120-jdp

---

Plaintiff Lawrence Northern, appearing pro se, is a prisoner at Jackson Correctional Institution, in Black River Falls, Wisconsin. Northern alleges that prison staff failed to properly treat his heart condition and asthma. He has paid the entire filing fee for this lawsuit. Nonetheless, because he is a prisoner suing state officials, the next step is for me to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In doing so, I must accept his allegations as true, *see Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010), and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Northern cannot proceed with any of his claims because his complaint violates the Federal Rules of Civil Procedure.

The problem with the complaint is that Northern is trying to bring two different sets of claims against different sets of prison officials, which violates Federal Rules of Civil Procedure 18 and 20 by joining claims together that do not belong in the same lawsuit. Under Rule 18, a

plaintiff may bring unrelated claims against a particular defendant. But a plaintiff cannot bring unrelated claims against more than one defendant. Under Rule 20, defendants may be joined in one lawsuit only if the claims against them arise out of the same transactions or occurrences and present questions of law or fact that are common to them all. *George v. Smith*, 507 F. 3d 605, 607 (7th Cir. 2007). Northern alleges the following:

> Lawsuit No. 1: From October 2016 to June 2018, defendants Debra Tidquist, Georgia Kostohryz, Anthony Hentz, and Nurse Kimpel violated the Eighth Amendment to the United States Constitution and Wisconsin negligence law by failing to treat Northern for his chest pain and ischemia (lack of blood supply to bodily tissues), even though electrocardiograms showed that he was suffering a serious problem. This caused him pain, emotional distress, and damage to his heart. Northern believes that this misconduct was the result of defendants Cathy Jess's and Tammy Maassen's failure to properly train, supervise, and reprimand medical staff at the prison.

> Lawsuit No. 2: From June to November 2018, defendants Hentz, Kristine Pralle, Pauline Hulstein, N. Dobson, and P. Miller failed to properly treat him when he complained about problems breathing, even after he was diagnosed with asthma. Northern believes that this misconduct was the result of defendants Jess's and Maassen's failure to properly train, supervise, and reprimand medical staff at the prison.

Because these two sets of claims involve different sequences of events and because there is only some overlap between the groups of defendants, they do not belong together in one lawsuit.

I will give Northern a short time to respond to this order by explaining which of these two lawsuits he wishes to pursue under this case number. After he has informed the court of his choice, I will treat the portion of his complaint pertaining to those claims as the operative pleading, and will screen the claims he has chosen. If Northern also wishes to proceed on the set of claims he does not choose for this lawsuit, he should inform the court of that fact, and

2

he should either submit another $400 filing fee for the additional case or he should request leave to proceed in forma pauperis on the additional case.

ORDER

IT IS ORDERED that plaintiff Lawrence Northern may have until October 29, 2019, to identify for the court which claims he wishes to pursue under this case number, and whether he wishes to pursue his other set of claims in a new lawsuit.

Entered October 8, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge