IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LAWRENCE NORTHERN,

    Plaintiff,

  v.                                            Case No. 19-CV-120

ANTHONY HENTZ, et al.,

    Defendant.

## ANSWER

Defendants, Anthony Hentz, Georgia Kostohryz, Debra Tidquist, and Tammy Maassen, by their attorneys, Attorney General Joshua L. Kaul and Assistant Attorney General Sarah A. Huck, answer Plaintiff's Complaint as follows:

### NATURE OF CASE

1. Defendants **AFFIRMATIVELY ALLEGE** that Plaintiff's assertions set forth a legal conclusion to which no response is required. To the extent any response is required, Defendants **DENY** they denied or delayed Plaintiff's medical care. Defendants **AFFIRMATIVELY ALLEGE** pursuant to the Court's Screening Order dated April 22, 2020 (Dkt. 6), Plaintiff was not allowed to proceed against Kristine Pralle, Pauline Hulstein, N. Dobson and P. Miller.

## JURISDICTION AND VENUE

2-3. Defendants **AFFIRMATIVELY ALLEGE** that Plaintiff's assertions set forth a legal conclusion to which no response is required. To the extent any response is required, Defendants **ADMIT** jurisdiction and venue are appropriate.

## PARTIES

4. Defendants **ADMIT**.

5. Defendants **ADMIT**.

6. Defendants **ADMIT**.

7. Defendants **ADMIT**.

8. Defendants lack knowledge or information to form a belief as to the truth of the allegations and therefore **DENY**.

9. Defendants **AFFIRMATIVELY ALLEGE** pursuant to the Court's Screening Order dated April 22, 2020 (Dkt. 6), Plaintiff was not allowed to proceed against Kristine Pralle. To the extent any response is required, Defendants **DENY**.

10. Defendants **AFFIRMATIVELY ALLEGE** pursuant to the Court's Screening Order dated April 22, 2020 (Dkt. 6), Plaintiff was not allowed to proceed against Pauline Hulstein. To the extent any response is required, Defendants **DENY**.

11. Defendants **AFFIRMATIVELY ALLEGE** pursuant to the Court's Screening Order dated April 22, 2020 (Dkt. 6), Plaintiff was not allowed to proceed against N. Dobson. To the extent any response is required, Defendants **DENY**.

12. Defendants **AFFIRMATIVELY ALLEGE** pursuant to the Court's Screening Order dated April 22, 2020 (Dkt. 6), Plaintiff was not allowed to proceed against P. Miller. To the extent any response is required, Defendants **DENY**.

13. Defendants **ADMIT**.

14. Defendants **AFFIRMATIVELY ALLEGE** pursuant to the Court's Screening Order dated April 22, 2020 (Dkt. 6), Plaintiff was not allowed to proceed against Cathy Jess. To the extent any response is required, Defendants **DENY**.

## COUNT I – MEDICAL CARE

15-41. Defendants **DENY** all of the allegations under this heading and **DENY** that they violated the Plaintiff's constitutional rights under the United States Constitution and **DENY** negligence.[1]

---

[1] This answer is being submitted as a general denial because Plaintiff's lawsuit concerns medical care, and Defendant does not yet have a signed medical authorization from Plaintiff and therefore has no access to his medical records.

3

## COUNT II – MEDICAL CARE

42-72. Defendants **DENY** all of the allegations under this heading and **DENY** that they violated the Plaintiff's constitutional rights under the United States Constitution and **DENY** negligence.

## COUNT III – CUSTOM AND POLICY

73. Defendants **DENY**.

74. Defendants **DENY**.

75. Defendants **DENY**.

76. Defendants **DENY**.

77. Defendants **DENY**. Defendants **AFFIRMATIVELY ALLEGE** pursuant to the Court's Screening Order dated April 22, 2020 (Dkt. 6), Plaintiff was not allowed to proceed against Cathy Jess.

## JURY DEMAND

Defendants join Plaintiff's demand for a jury trial in this action.

## RELIEF WANTED

Answering all paragraphs under this heading, Defendants **DENY** Plaintiff is entitled to any of the requested relief.

## OTHER

Defendants **DENY** any and all allegations in Plaintiff's Complaint not specifically admitted above.

## **AFFIRMATIVE DEFENSES**

1. All or portions of Plaintiff's complaint must be dismissed to the extent that Plaintiff failed to exhaust administrative remedies.

2. To the extent that Defendants are named in their personal capacity, all or portions of Plaintiff's complaint must be dismissed pursuant to the doctrine of qualified immunity.

3. To the extent that Defendants are named in their official capacity, all or portions of Plaintiff's complaint must be dismissed pursuant to the doctrine of sovereign immunity and the Eleventh Amendment to the United States Constitution.

4. Any claims for monetary damages in this case are limited under the provisions of 42 U.S.C. § 1997e(e).

5. Plaintiff's claims may be barred by the applicable statute of limitations.

6. All or a portion of Plaintiff's complaint is subject to or barred by the doctrines of comparative negligence or contributory negligence.

7. Any damages sustained by Plaintiff were caused by intervening and/or superseding causes over which these answering Defendants had no control, including but not limited to, the acts or omissions of the Plaintiff.

8. This action is subject to the requirements, provisions, terms, conditions, and limitations of Wis. Stat. § 893.82.

9. Plaintiffs' injuries, if any, may have been sustained due to events that preceded this answering defendants' care and treatment of the plaintiff or were not connected with the defendant's care and treatment.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiff, dismissing Plaintiff's complaint, and an order awarding Defendants' attorney's fees, as well as such other relief as the Court deems appropriate.

Dated this 18th day of June, 2020.

        Respectfully submitted,

        JOSHUA L. KAUL
        Attorney General of Wisconsin

        <u>s/ Sarah A. Huck</u>
        SARAH A. HUCK
        Assistant Attorney General
        State Bar #1036691

        Attorneys for Defendants Hentz,
        Kostohryz, Tidquist, and Maassen

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-7971
(608) 294-2907 (Fax)
hucksa@doj.state.wi.us