IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LAWRENCE NORTHERN,

                Plaintiff,

v.                                                                            PRETRIAL ORDER

ANTHONY HENTZ, GEORGIA KOSTOHRYZ,                     19-cv-120-jdp
and DEBRA TIDQUIST,

                Defendants.

---

Plaintiff Lawrence Northern brings Eighth Amendment and Wisconsin-law medical negligence claims against defendant prison staff for failing to adequately treat his head and chest pain.

Trial is set for January 8, 2024. I will hold a pretrial conference on December 20, 2023, at 2:30 p.m., with a second pretrial conference to be held, if necessary, on January 3, 2024 at 2:30 p.m.

This order addresses various pretrial filings, including the parties' motions in limine. Also, I have attached drafts of the introductory jury instructions and voir dire in advance of the December 20 conference.

A. **Defendant Kostohryz**

The parties have filed a joint motion to dismiss Georgia Kostohryz with prejudice. Dkt. 127. I will grant that motion.

B. **Northern's clothing and restraints**

Northern moves for an order allowing him to appear in civilian clothes and without restraints. Dkt. 123.

I'll grant Northern's motion about civilian clothes; those must be brought or mailed to the court by the end of business (4:30 p.m.) the Thursday before trial.

I'll reserve a ruling on restraints. Visible restraints are virtually never necessary. At his previous trial, Northern wore a stun belt underneath his clothes. I'll address this issue at the pretrial conference.

### C. Writ of habeas corpus ad testificandum

Northern moves for a writ of habeas corpus ad testificandum for his appearance at trial. Dkt. 139. I will deny that motion because the court has already issued such a writ. Dkt. 126.

### D. Northern's motions in limine

Northern has filed eight motions in limine.

First, Northern seeks to exclude reference to the details of his 2002 conviction for possession of cocaine with intent to manufacture, distribute or deliver. Dkt. 112. It's unclear whether the parties actually dispute what is admissible here. I agree with defendants that Northern's conviction may be used on cross-examination under Federal Rule of Evidence 609. Northern appears to seek exclusion only of the title of his crime, year of conviction, and length of sentence. Defendants' objection doesn't squarely address that argument. In any event, those details would be unfairly prejudicial to Northern, so in keeping with my usual practice, I will limit defendants to asking Northern only whether he is serving a sentence for a felony conviction.

Second, Northern moves to exclude reference to his prison disciplinary records as irrelevant, prejudicial, and hearsay. Dkt. 113. Defendants object only regarding Northern's conduct reports for lying. They argue that those are allowed under Rule 608(b) to cross-examine Northern and attack his character for untruthfulness. I agree that those records are

admissible under Rule 608(b) and are not a hearsay problem because they are business records. So I will deny that portion of Northern's motion.

Third, Northern seeks to exclude testimony suggesting that the payment of damages would be borne by Wisconsin taxpayers. Dkt. 114. Defendants do not object. I will grant that motion.

Fourth, Northern seeks to exclude evidence that he missed medical appointments, stating that they are relevant only if he was aware of the appointments, and defendants will be unable to show that Northern was aware of those appointments. Dkt. 115. Defendants appear to agree that the only relevant missed appointments are ones that Northern was aware of. But they say that they do have evidence that he refused at least one appointment: they intend to produce "refusal of appointment" forms. Northern also argues that such evidence is unfairly prejudicial and may waste the court's time. I agree with defendants that evidence that Northern intentionally missed appointments could be relevant to his claims and it is not unduly prejudicial or confusing. I will deny Northern's motion as it pertains to evidence defendants offer to prove his knowledge of appointments.

Fifth, Northern seeks to exclude reference to his counsel being from out of town or members of a large law firm, or that they have a financial interest in the case. Dkt. 116. Defendants do not object. I will grant that motion.

Sixth, Northern seeks to exclude reference to his prior administrative grievances other than those related to his claims in this lawsuit. Dkt. 117. Defendants do not object. I will grant that motion.

Seventh, Northern seeks to exclude reference to prior lawsuits that he has filed. Dkt. 118. Defendants do not object. I will grant that motion.

Eighth, Northern seeks to exclude any testimony or argument that he did not suffer a heart attack on July 19, 2017. Dkt. 119. On this date, Northern asserts that his blood pressure spiked and he suffered extreme chest pain, and that defendants failed to adequately treat his pain. In a footnote, Northern clarifies that he "does not seek to limit testimony or evidence that the record is not supportive of Mr. Northern suffering a heart attack." *Id.* at 1, n.1. Northern seeks to exclude only evidence or argument that "definitively did not suffer a heart attack," but he does not seek to preclude defense witnesses from explaining what they thought was going on with Northern. He contends that a definitive statement would be unsupported expert opinion, and more prejudicial than probative about the pain-treatment claims at issue here.

The motion is denied. The treatment of Northern's underlying conditions and the treatment of his pain are thoroughly intertwined, and the jury will have to evaluate the credibility of the witnesses' explanations of what they did or did not do for Northern. If a defense witness overstates the conclusions to be drawn from the medical records, that is a proper subject for cross-examination.

E. **Defendants' motions in limine**

Defendants have filed five motions in limine.

First, defendants seek to exclude reference to other lawsuits against the DOC or its employees. Dkt. 106. Northern does not object. I will grant that motion.

Second, defendants seek to exclude details of other legal proceedings involving defendants, defendants' personnel file work history, and inmate grievances against them other than grievances filed by Northern related to his claims in this case. Dkt. 106. Northern does not object. I will grant that motion.

Third, defendants seek to exclude evidence regarding causation of physical injury, permanence, future care and treatment, or future pain and suffering. Dkt. 106. I agree with defendants that Northern himself does not have the knowledge or expertise to analyze medical records or to testify about whether defendants' actions or inactions caused him specific injuries that will affect him in the future. So the motion is granted for the most part. But Northern may describe his own understanding of his health and his personal experiences during and after the events in question, and he can describe any physical or mental symptoms he experienced. He may also cross-examine defendants' witnesses, if any, who testify about the cause of his pain or his future care.

One further detail will require some explanation at the final pretrial conference. Northern states that he "intends to testify that he *believed* his pain was the result of an underlying heart condition," but that he "does not intend to opine on the ultimate cause of his pain." *Id*. at 2 (emphasis added). The actual cause of Northern's pain is disputed, but it is not directly at issue here. And Northern lacks the expertise to give a reliable opinion about the actual cause of his pain. I'll ask Northern to explain how his subjective belief about the cause of his pain is relevant.

As far as Northern being able to testify about future pain, there are multiple aspects to this issue. Defendants cite the Federal Rules of Evidence on lay and expert testimony and Wisconsin law for the proposition that he needs expert testimony to prove future harm. I agree with defendants that Northern himself cannot testify that his pain is permanent because of defendants' failure to treat him; this is simply outside the scope of Northern's knowledge as a lay witness.

But that's not the only evidence that Northern might present. Northern cites a recent case in which I denied a motion to exclude evidence about "future emotional distress caused by the delay in receiving care." *Id.* at 4 (quoting *Lacy v. McArdle*, No. 20-cv-1014-jdp, 2023 WL 4581759, at *11 (W.D. Wis. July 18, 2023). As in that case, I'll allow Northern—at least for his Eighth Amendment claim—to testify that defendants ignored his pain and that he's suffered emotional distress worrying about it happening again. I'll take further argument from the parties on whether this evidence is barred under Wisconsin law and what type of curative instruction would be appropriate if this testimony is admissible for the federal-law claims but not the state-law claims.

Fourth, defendants seek to exclude as irrelevant reference to the details of any of the claims that were dismissed on summary judgment. Dkt. 106. I have already dismissed claims against former defendants regarding pain care and all of the defendants regarding failure to treat Northern's underlying heart condition, as distinct from his pain treatment. As with Northern's motion about evidence that he did not suffer a heart attack, I'm inclined to conclude that evidence about Northern's underlying conditions and treatment of those conditions provides probative context for the claims about pain treatment. But I'll defer a decision and take more argument on the issue at the pretrial conference.

Fifth, defendants seek to limit testimony from Northern's expert, Dr. Tariq Azam, in several ways.

Defendants contend that Azam doesn't offer an opinion that their actions or inactions caused or worsened Northern's pain, and Northern says that Northern states that Azam "does not opine on the ultimate cause of Mr. Northern's pain," Dkt. 135, at 5. But that does not appear to be correct. Azam states in his report that in his opinion Northern "suffered from

6

myocardial ischemia and coronary artery disease (evidenced by the results of his June 1, 2018 nuclear stress test) and that this was the cause of his chest pain symptoms." Dkt. 96, ¶ 48. I agree that it does not appear that Azam offers any opinion about future injuries. The parties will have to clarify their arguments on Azam's causation opinion at the pretrial conference.

Defendants also seek to exclude Azam entirely. The sole remaining issue is whether defendants inadequately treated Northern's pain. Defendants contend that Azam's opinions are deficient in several ways: he doesn't offer an opinion about how any specific defendant breached the duty of case; Azam offers testimony only to bolster Northern's credibility; and that Azam testifies only about a risk of harm, not any actual harm.

I agree with defendants that Azam's opinion that defendants' conduct created a risk of harm is irrelevant and unhelpful, because exposing a patient to a risk of harm that does not materialize is not actionable. But I am not persuaded by their other arguments. Azam may base his opinions on Northern's declaration testimony about his pain. That does not constitute an improper endorsement of Northern's credibility. If Northern's testimony conflicts with the medical records, that is a matter for cross-examination. Azam's report and deposition testimony was hazy about the responsibility of individual defendants. But he offered pointed criticism of the care provided at points in Northern's treatment, and the jury can figure out which provider was responsible for the purportedly deficient care.

I'll hear further from the parties to make clear the limits on Azam's testimony.

ORDER

IT IS ORDERED that:

1. The parties' joint motion to dismiss Georgia Kostohryz with prejudice, Dkt. 127, is GRANTED.

7

2. Plaintiff Lawrence Northern's motion regarding clothes and restraints is GRANTED in part as discussed above.

3. Plaintiff's motion for a writ of habeas corpus ad testificandum, Dkt. 139, is DENIED as moot.

4. The parties' motions in limine, Dkts. 106; 111–119, are GRANTED in part, DENIED in part, and DEFERRED in part as discussed above.

Entered December 15, 2023.

                    BY THE COURT:

                    /s/

                    _____
                    JAMES D. PETERSON
                    District Judge