IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LAWRENCE NORTHERN,

                Plaintiff,

v.

ANTHONY HENTZ and DEBRA TIDQUIST,

                Defendants.

PRETRIAL ORDER

19-cv-120-jdp

---

Defendants have submitted their amended exhibit list replacing Exhibit 511 with Exhibit 515, records from a 2012 disciplinary proceeding in which plaintiff Lawrence Northern was convicted of three infractions, including lying to staff. Dkt. 152. Northern objects to the admission of the exhibit into evidence and to defendants using it on cross-examination under Rule 608(b)(1) as a specific instance of untruthfulness. Dkt. 156.

Federal Rule of Evidence 608(b) prohibits the introduction of extrinsic evidence of specific incidents of conduct to attack a witnesses character for truthfulness. And defendants have already stated that they do not intend to admit Exhibit 515 into evidence, so that point is resolved.

But defendants are not ready to yield, because Rule 608(b) permits the court to allow cross-examination on specific instances of conduct if the conduct is probative of the character for truthfulness. Defendants say that on cross-examination they will ask Northern whether he was convicted of a conduct report for lying, and if he answers no, they will show him the report to "refresh his recollection and question him about the contents." Dkt. 148, at 4.

Northern's objection is twofold. First, he argues that the exhibit has little probative value because the conduct report was from 2012—four years from the start of events here but

more than a decade before our trial, and the events bear no similarity to the actions in this case. Thus cross-examination about the 2012 incident should be prohibited entirely. Second, even if cross-examination were permitted, defendants should be barred from confronting Northern with the conduct report or questioning him about the "underlying incident."

Whether to allow the cross-examination at all is a matter committed to my discretion. *United States v. Abair*, 746 F.3d 260, 263 (7th Cir. 2014). As the *Abair* court noted, the commentary to Rule 608 acknowledges the substantial possibility of abuse, which means that my decision must be guided by Rule 403, to prevent unfair prejudice, confusion of issues, misleading the jury, and the waste of time.

To start, there's no question that the conduct report plainly relates to an admitted act of untruthfulness by Northern, and thus it is different from the alleged dishonesty at issue in *Abair*. Northern was convicted of three offenses, one of which was lying about a correctional officer, and the lying offense was called out in the decision. So that factor would weigh in favor of allowing the cross-examination. But the context of Northern's dishonesty—he was resisting a spontaneous pat-down—is very different the context of this case. And Northern waived some of his procedural rights and promptly admitted his dishonesty at the hearing. Defendants have made no showing of any sustained pattern of dishonesty by Northern. Defendants contend that the conduct report is somehow timely because it was issued only four years before the events at issue in this case, but to my view, the four-year gap cuts against allowing cross-examination on the topic, especially now that the conduct is now nearly 12 years old. I conclude that the conduct report is only minimally probative of Northern's character for truthfulness. And its probative value is outweighed by the danger of unfair prejudice because the jury is

likely to give it more weight than it warrants. I will not allow defendants to cross-examine Northern about the 2012 incident.

Similar issues arise with some frequency in this court. So for completeness here, I'll explain why, even if I were to allow some cross-examination on the 2012 incident, I would not allow defendants to confront Northern with the conduct report itself as they propose.

The basic rule, as made clear in *Abair*, is that if that if the witness denies that prior act of dishonesty, the examining attorney is stuck with the denial. *Abair*, at 266. As Judge Sykes explained in her dissent:

> But the rule also prohibits the use of extrinsic evidence to prove the witness's character for truthfulness. So the cross-examiner is effectively bound by the witness's answer; if she denies the conduct or equivocates, the rule against admitting extrinsic evidence eliminates the opportunity to rebut.

*Abair*, at 269 (Sykes, C.J., dissenting). Only if the conduct is admitted is the examining attorney allowed to explore the details of the incident, though still subject to the court's limitations on the extent of that exploration.

But defendants' counsel here proposes to circumvent the basic rule by purporting to use the conduct report to refresh Northern's recollection:

> Defendants do not intend to offer Exhibit 515 to be admitted. Rather, Defendants intend to ask Plaintiff if he has ever received a conduct report for lying. If he answers yes, then the line of inquiry goes no further. *If he denies, then Defendants should be permitted to show Plaintiff the conduct report to refresh his recollection and question him about the contents.* Defendants do not propose to show the exhibit to the jury or to admit into evidence.

Dkt. 148, at 4 (emphasis added).

Defendants' proposed approach here deviates from best trial practice, which is to establish a failure of memory before using an exhibit to refresh recollection. But even if that

3

prerequisite were relaxed, as it might be for good reason, detailed examination on the underlying events would eviscerate the main prohibition in Rule 608(b). If Northern denies the conduct report, then defendants propose to confront him with the details of the conduct report, though without showing the report itself to the jury. Little would be left of the basic prohibition on extrinsic evidence in Rule 608(b) if defendants were allowed to proceed as they propose.

    Entered January 4, 2024.

                                          BY THE COURT:

                                          /s/

                                          _____
                                          JAMES D. PETERSON
                                          District Judge